# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **BRETT CLANTON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:22-cv-00277** |
| | ) | **Judge Aleta A. Trauger** |
| **KILOLO KIJAKAZI,** | ) | |
| **Acting Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM and ORDER

Plaintiff Brett Clanton brings this action under 42 U.S.C. § 405(g) and 1383(c)(3), seeking judicial review of the Social Security Administration's denial of his application for supplemental security income under Title XVI of the Social Security Act. Currently pending is Clanton's Motion for Judgment on the Administrative Record (Doc. No. 18), filed along with a supporting Memorandum of Law (Doc. No. 19). The Commissioner of Social Security filed a complete copy of the underlying Administrative Record (Doc. No. 13) and a Response to the Motion for Judgment (Doc. No. 22). The plaintiff filed a Reply. (Doc. No. 23.)

The Magistrate Judge to whom this matter was referred has issued a Report and Recommendation ("R&R") (Doc. No. 25), recommending that Clanton's motion be denied. Clanton filed timely Objections (Doc. No. 26), to which the Commissioner has responded (Doc. No. 27).

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review *de novo* any portion of the report and recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(1)(C); 28 U.S.C. § 636(b)(1)(C); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001); *Massey v. City of*

*Ferndale*, 7 F.3d 506, 510 (6th Cir. 1993). In conducting its review of the objections, the district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). The court's review of the decision of an administrative law judge ("ALJ") is limited to a determination of whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence. *Miller v. Comm'r of Soc. Sec.*, 811 F.3d 825, 833 (6th Cir. 2016) (quoting *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009)); *see* 42 U.S.C. § 405 (g) (2012) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive.").

In this case, the Magistrate Judge concludes that the ALJ's decision was supported by substantial evidence in the record. More specifically, the Magistrate Judge finds that the ALJ's omission of the specific restrictions she intended to make part of the plaintiff's residual functional capacity ("RFC") did not amount to reversible error and that reversing in this case would represent "an idle and useless formality," particularly given the ALJ's "extensive discussion regarding the current status of Plaintiff's shoulder condition" and the fact that, if the restrictions assessed by the only examining physician who assigned any such restrictions were incorporated into the RFC, the plaintiff would still be able to perform the jobs identified at the hearing by the testifying vocational expert. (Doc. No. 25, at 11 (quoting *Griffeth v. Comm'r of Soc. Sec.*, 217 F. App'x 425, 428 (6th Cir. 2007)), 12.) In sum, the Magistrate Judge concluded that, "while the ALJ apparently omitted certain restrictions she intended to make part of the RFC, inclusion of such restrictions would not have resulted in a different step five finding and would not have produced a more favorable outcome for Plaintiff." (*Id.* at 12.) The Magistrate Judge recommends affirming the ALJ's decision as supported by substantial evidence, because the identified mistake constitutes harmless error.

(*Id.* (citing *Keeton v. Comm'r of Soc. Sec.*, 583 F. App'x 515, 524 (6th Cir. 2014)).)

The plaintiff's sole objection mirrors the single claim of error raised in the Motion for Judgment on the Administrative Record. He argues that the Magistrate Judge erred in finding that the ALJ's decision is supported by reasonable evidence, because the ALJ never identified the restrictions she intended to impose in connection with the plaintiff's shoulder impairment. (Doc. No. 26, at 3.) The plaintiff argues that remand is required, because "failing to put forth all the limitations to the expert and [failing] to include them in the RFC surely fails to meet the substantial evidence requirement." (*Id.* at 4.)

The court has reviewed the record as a whole in light of the plaintiff's objection and concludes that the Magistrate Judge did not err in finding that (1) the ALJ's mistake amounts to harmless error, and (2) the ALJ's decision should be deemed determinative, because "there is such relevant evidence as a reasonable mind might accept as sufficient to support the ALJ's conclusion." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007) (quoting *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001)) (internal quotation marks omitted).

Because the plaintiff does not contend that the ALJ applied incorrect legal standards, and the court finds that the ALJ's factual findings are supported by substantial evidence, the plaintiff's Objections (Doc. No. 26) are **OVERRULED**; the R&R (Doc. No. 25) is **ACCEPTED** in its entirety, and the plaintiff's Motion for Judgment on the Administrative Record (Doc. No. 18) is **DENIED**.

The Clerk shall enter judgment for the defendant in accordance with Fed. R. Civ. P. 58(b).

It is so **ORDERED**.

ALETA A. TRAUGER
United States District Judge